## PICKETT v. F. B. STEARNS CO.

(District Court, N. D. Ohio, E. D. November 25, 1924.)

No. 738.

Courts ⬯351½—Court has discretion to reinstate case on calendar after one year.

The provision of equity rule 57, after providing that a cause continued beyond the term and dropped from the trial calendar shall be subject to reinstatement within one year, that "if not so reinstated within the year the suit shall be dismissed without prejudice to a new one," is not mandatory, but is a rule of practice and procedure, not intended to limit the power of a court of equity to deal with a case in accordance with its sound discretion or its judicial power, and the court may after expiration of the year reinstate the case on request, and where there are substantial reasons why it should be done.

In Equity. Suit by Lester D. Pickett against the F. B. Stearns Company. On motion by defendant to dismiss suit without prejudice, and by complainant to reinstate case on calendar. Defendant's motion denied, and complainant's motion granted on condition.

Hull, Brock & West, of Cleveland, Ohio, and George E. Kirk, of Toledo, Ohio, for plaintiff.

Tolles, Hogsett, Ginn & Morley and Albert Lynn Lawrence, all of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. Defendant moves for an order, under new equity rule 57, dismissing the case without prejudice, because it had heretofore been dropped from the calendar and not reinstated within one year. Plaintiff opposes this motion, and, although no written motion is filed, he in effect requests that the cause be restored to the calendar and assigned for hearing at the earliest convenient day.

Various reasons are urged by plaintiff's counsel why the application to restore the cause to the calendar was not made earlier. None, however, is sufficient to exonerate plaintiff from full responsibility for such delay, nor to take the case outside of the rule. Even if it be true that the new counsel, who succeeded, in May, 1924, the original, counsel, who had died, might be regarded as misled by the clerk's letter of May 17, such an inference is repelled by the clerk's letter of October 18, 1924. In this last letter the clerk gives an accurate list of all entries in the case, from which it appears that on April 28, 1923, was filed and entered a stipulation and order of continuance under rule 57; that on October 29, 1923, was filed and entered a stipulation and order restoring the case to the calendar; and that on November 3, 1923, the case was again dropped from the calendar under rule 57. Ample time existed before November 3, 1924, within which to apply for a reinstatement. Hence the question presented is uncomplicated by any question of accident, mistake, or surprise.

The question is whether the last sentence of rule 57 is mandatory; i. e., whether the court must dismiss any suit not reinstated within a year after it is dropped from the calendar, against a request for reinstatement and despite substantial reasons why it should be done. In this case the question is specially important, because substantial rights will be affected by the action taken. The patent sued on is now expired, and, if plaintiff's bill is dismissed, he will be deprived of his right to resort to a court of equity or seek an injunction, but must sue at law. On the other hand, if the action is not dismissed, defendant will be deprived of the bar of the six-year statute of limitations against an accounting during the period intervening since the beginning of this action, June 20, 1922, and the beginning of a new action.

The question is new. So far as the counsel or this court have discovered, rule 57 has never in this respect been considered by the courts. The nearest approach thereto is Davis v. Virginia R. & P. Co. (4 C. C. A.) 229 F. 633, 638, 144 C. C. A. 43. The tendency of that decision is to regard the District Court as vested with discretion either to dismiss or reinstate, as the equities of the situation may require. Upon careful reflection I have come to the conclusion that the matter is wholly within the sound discretion of the court. Rule 57 is a rule of practice and procedure. It has not the force of a statute, and is not a rule of substantive law, declaring a right of a person or of property. It was promulgated under authority conferred by section 917, R. S. (Comp. St. § 1543), which empowers the Supreme Court, among other things, to regulate practice and procedure in suits in equity. It was designed primarily to promote promptitude in bringing equity causes to hearing and termination.

An equity cause, once properly filed and process served, remains a pending cause, notwithstanding this rule, until an order is made by the court finally dismissing it. Cases at the end of a term stand continued without order, unless a final decree is entered therein. The dropping of the case from the calendar under rule 57 is merely a first step in placing the case in a situation where the court is justified in making a dismissal order without further notice to parties. At the end of a year, after the case is dropped, if no applica-

tion in the meantime be made for reinstatement, the court is then in a situation to enter a final order of dismissal without further notice. The case then is in the situation it would be, independently of the rule, if the case had been set for hearing, called at the day fixed, and the plaintiff was not ready to proceed with the trial. In that situation the court should and would enter an order dismissing the cause without prejudice.

Rule 57, rightly understood, seems to me to be designed to place the cause in a situation to be thus dismissed without prejudice, without other preliminaries than are specified in the rule. It was not intended to limit the power of a court of equity to deal with a case in accordance with its sound discretion or its judicial power. It is an extreme position to say that a mere rule of practice or procedure should oust the discretion and power of a court of equity with respect to a pending cause, and force a dismissal without prejudice, when, in the court's judgment, such action should not be taken. Even though framed in mandatory language, it cannot be held to have that force and effect. In my opinion, it is within the power of this court to deny defendant's motion to dismiss, grant plaintiff's request to reinstate the case, and assign it for hearing at the earliest convenient day.

The circumstances of the case do not require that the discretion of the court should be exercised favorably to defendant's motion. No hearing has been had of the merits of the controversy. If defendant is right, it will not be called on to account during any period of time. If plaintiff is right, it would not be just to eliminate 2½ years from the period of accounting. If, as must be admitted, plaintiff has been negligent in prosecuting his action, so likewise has the defendant been negligent in not bringing the case to a hearing and forcing a dismissal or trial. The case could not have been dropped from the calendar at any time, had defendant interposed an objection. The pendency of unanswered interrogatories does not prevent the placing of an equity cause on the calendar. It would seem, under these circumstances, that a sound equitable discretion requires that defendant's motion should be denied, and that plaintiff's request be granted. It will be so ordered. The equity trial calendar has been made up, dates fixed, and notices sent out. It will not be convenient to fix a day for hearing at this time, nor until after assigned matters have been heard.

Defendant filed with its answer certain interrogatories. Plaintiff has objected to answering. On the hearing of this motion, plaintiff's counsel expressed a willingness to waive these objections and to make answers. As a condition of the relief granted, plaintiff is required to waive objections to defendant's interrogatories, and to file answers thereto within two weeks from the date hereof. It will be so ordered.